## UNITED STATES v. MENSING.
### Civil Action No. 2427–P'H.

District Court, S. D. California,
Central Division.

June 13, 1944.

Charles H. Carr, U. S. Atty., successor to Leo V. Silverstein, and John Marvin Dean, Asst. U. S Atty., all of Los Angeles, Cal., for plaintiff.

Eugene L. Graves, of Bell, Cal., for defendant.

A. L. Wirin and Nathan Newby, both of Los Angeles, Cal., amici curiae, by appointment of the Court.

HALL, District Judge.

Fitted to the date of defendant's naturalization and the period of his connection with the Bund, this complaint, as finally amended, follows the allegations of the Korner case, United States v. Korner, D.C., 56 F.Supp. 242, with additional allegations to the effect that defendant from 1932 to 1936[1] was a member of the National Socialist German Workers' Party, "and adhered to the tenets and principles of said party; that the tenets and principles of said party included;" (a) the "advocacy" of dictatorship; (b) the "advocacy" that all persons of German extraction owed allegiance to Germany; (c) the "advocacy" of the "Aryan Blood Theory"; (d) the "advocacy" of the "leadership principles"; (e) the "advocacy" of the "control by Government of agriculture, industry, finance, and all other phases of the economy of the State"; (f) the "advocacy" of the reservation of power to an "elite" class; (g) the "doctrine" that the foregoing should be applied and adopted throughout the World.

No disclosure is made or attempted to be made as to whether or not such things were before the court which made the judgment naturalizing this defendant upon findings, then before that court that he was "attached" to the principles of the Constitution; and no effort is made to make out a case of extrinsic fraud or to allege facts which would bring the defendant's conduct within the clear and present danger rule. See Memorandums in Korner case, 56 F. Supp. 242 and Kusche case, 56 F.Supp. 201. There are no allegations in the complaint that the defendant advocated revolution or force, or violence, or crime, or other unlawful means to attain the principles which he is asserted to have espoused. Indeed, the complaint does not even allege that he individually "advocated" anything either peacefully or otherwise, only that he was a "member" of an organization, the tenets and principles of which organization were the "advocacy" of political, economic, and biologic doctrines. Other than such membership, there was no "overt acts" asserted on the part of the defendant. And the Supreme Court emphatically declared in the Schneiderman case, Schneiderman v. United States, 320 U.S. 118, at page 158–9, 63 S.Ct. 1333, at pages 1352, 1353, 87 L.Ed. 1796, that membership and activity in an organization, even as "educational director," "official spokesman," "sec-

---

[1] Petition for citizenship was filed two years later, in 1938.

retary," and one-time candidate of the organization for Governor, were wholly insufficient in a de-naturalization suit in the absence of such overt acts.

It is to be remembered that this is not a petition for naturalization where inquiry can be made without the formality required when one court is asked to set aside the solemn judgment of another court.

From the foregoing, it is apparent that the complaint in this case comes no nearer stating a cause of action for the de-naturalization of the defendant than do the complaints in the Korner and Kusche cases. Accordingly, a copy of the Memorandum in each of those cases is attached hereto, and the discussions and conclusions therein stated are adopted as controlling in this case.

The motion to strike all of the evidence is granted; the objection to the introduction of any evidence is sustained; and,

It is hereby ordered, adjudged, and decreed that the within action be and is hereby dismissed.